**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KEVIN O'BRIEN,** *et al.*,

        **Plaintiffs,**

    **v.**                              **Case No.: 2:15-cv-2803**
                                          **JUDGE SMITH**
                                          **Magistrate Judge King**

**THE HONORABLE**
**JENNIFER BRUNNER,** *et al.*,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon motions by both Plaintiffs and Defendants. First, The Honorable Colleen O'Donnell (hereinafter, "Judge O'Donnell") filed a Motion to Dismiss (Doc. 7). The Honorable Jennifer Brunner, William Klatt, and Lisa Sadler (collectively, the "Tenth District Judges") also filed a Motion to Dismiss (Doc. 8). Next, Plaintiffs filed a Motion to Disqualify the Counsel of the Tenth District Judges (Doc. 14), a Memorandum Contra to both Judge O'Donnell's and the Tenth District Judges' Motions to Dismiss (Doc. 16), and a Motion for Leave to File an Amended Complaint (Doc. 17). The Tenth District Judges filed a Memorandum in Opposition to the Motion to Disqualify (Doc. 18), a Memorandum in Opposition to the Motion for Leave (Doc. 22), and a reply in support of their Motion to Dismiss (Doc. 19). Judge O'Donnell then filed her Reply in support of her Motion to Dismiss (Doc. 20) and an opposition to the Motion for Leave (Doc. 25). Last, Plaintiffs filed replies in support of the Motion for Leave (Doc. 26) and the Motion to Disqualify (Doc. 27). All of the motions are ripe for review. For the following reasons, Plaintiffs' Motion to Disqualify and Motion for Leave are **DENIED**. Defendants' Motions to Dismiss are **DENIED** as moot.

# I.   BACKGROUND

The following facts are taken from Plaintiff's Complaint and proposed Amended Complaint.  This case arises from a lawsuit in the Franklin County Court of Common Pleas, *Lisa McKibben v. U.S. Restoration & Remodeling, Inc.*, Case No. 12CV-1815 ("*McKibben*") and the subsequent appeal of that case to the Tenth District Court of Appeals, Case No. 14AP-737 (the "Appeal").  Judge O'Donnell is the trial judge assigned to *McKibben* while the Tenth District Judges served on the panel that decided the Appeal.  Plaintiffs are Kevin O'Brien and Jeffrey Catri who served as counsel for McKibben in *McKibben*.

The *McKibben* case involved alleged violations of the Consumer Sales Practices Act ("CSPA"), Home Solicitation Act ("HSA"), and other common law causes of action asserted by Lisa McKibben and Mark Mercer against U.S. Restoration & Remodeling, Inc.  ("U.S. R&R").  U.S. R&R counterclaimed against McKibben and Mercer alleging various contract and common law claims and seeking to collect a debt.  U.S. R&R also moved for attorneys' fees and an award of monetary damages against the Plaintiffs in this case based on a claim for frivolous conduct.  U.S. R&R moved for summary judgment as to McKibben and Mercer's claims at the same time U.S. R&R filed its Answer and Counterclaim.  At or near the same time, Plaintiffs assigned the *McKibben* case to an associate in their firm because Plaintiffs were dealing with family health issues.  McKibben and Mercer filed neither an answer to the counterclaim nor a response to the motion for summary judgment.  Accordingly, the trial court granted U.S. R&R's motion for summary judgment.  The trial court also granted a motion for default on the counterclaim.

Following the trial court's granting of summary and default judgment, McKibben filed for bankruptcy and the trustee of her bankruptcy estate abandoned her claim.  Plaintiffs moved to enjoin U.S. R&R from seeking attorney fees against Plaintiffs and that motion remains

unresolved.  Mercer sought, and ultimately received, relief from the default judgment and U.S. R&R dismissed its claims against Mercer.  Subsequently, McKibben filed the Appeal, challenging the trial court's order granting summary judgment.  In her appeal, McKibben acknowledged that the summary judgment order may not have been a final, appealable order. The Tenth District Judges decided that the case was not appealable until the trial court held a hearing on the matter of damages and attorney's fees against Plaintiffs for U.S. R&R's claims of frivolous conduct.

Also relevant to Plaintiff's Motion to Disqualify is a collaterally related action in the Franklin County Court of Common Pleas, *State of Ohio, ex rel., Attorney, Michael DeWine v. Mastergard, Inc., et al.*, Franklin C.P. No. 07 CV 9803 ("*Mastergard*").  Mastergard and U.S. R&R shared a principal partner, Daniel Sechriest.  In *Mastergard*, the Attorney General obtained a consent judgment (the "Consent Decree") from Mastergard.  Plaintiffs allege the Attorney General has not enforced the Consent Decree.  Plaintiffs allege that if the Attorney General had enforced the Consent Decree, then U.S. R&R would not have been able to file a counterclaim against Plaintiffs because U.S. R&R would not have existed.  Additionally, Plaintiffs state that *Mastergard* is currently being appealed and the Attorney General is a party, arguing before Judge Klatt, a defendant in the instant case.[1]

Plaintiffs brought this case alleging that the Tenth District Decision improperly "defaulted" the Plaintiffs as to U.S. R&R's frivolous conduct claim.  Plaintiffs allege that a right was taken from them when the Tenth District required a damages hearing for the alleged frivolous conduct by Plaintiffs.  Plaintiffs state that they were not parties to *McKibben* and were

---

[1]  The Tenth District Court of Appeals issued its decision in this matter on February 23, 2016.  *See State ex rel. Atty. Gen. v. Mastergard*, 2016-Ohio-660.  That a decision has now been issued in *Mastergard* does not change the parties' arguments or this Court's analysis of the issues.

not served such that they could be in default. Plaintiffs claim that the Tenth District Judges did not afford the Plaintiffs procedural due process, a violation of 42 U.S.C. § 1983 and Ohio Revised Code § 2323.51.

## II.    DISCUSSION

Currently before the Court are four motions, Plaintiffs' Motion to Disqualify, Plaintiffs' Motion for Leave, Judge O'Donnell's Motion to Dismiss, and the Tenth District Judges' Motion to Dismiss.  The Court will address each in turn.

## A.    Motion to Disqualify

Defendants moved to disqualify the Tenth District Judges' counsel, the Ohio Attorney General, alleging that a conflict exists for the Attorney General in this case because the Attorney General was a party in the *Mastergard* case, which was pending—at all times pertinent before February 23, 2016—on appeal before Judge Klatt in the Tenth District.  The Tenth District Judges argue that there is no conflict of interest under the Model Rules or federal case law such that disqualification is appropriate.

This Court has summarized the background, policy reasons, and provided some cautions a Court should consider when deciding a motion to disqualify as follows:

> A motion to disqualify is the proper method for a party-litigant to bring an issue of conflict of interest or the breach of an ethical duty to the court's attention. *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980). Confronted with such a motion, courts must be sensitive to the competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice.  *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D. Ohio 1991).  In order to resolve these competing interests, the courts must balance the interests of the public in the proper safeguarding of the judicial process together with the interests of each party to the litigation.  *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 711 (6th Cir. 1982).
>
> The power to disqualify an attorney from a case is "incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession."  *Kitchen*, 769 F. Supp. at 256 (quoting *Ex Parte Burr*, 9 Wheat. 529, 22 U.S. 529, 531, 6 L.Ed. 152 (1824)).  However, "the ability to deny one's

> opponent the services of his chosen counsel is a potent weapon." *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988). Motions for attorney disqualification should be viewed with extreme caution for they can be misused as techniques of harassment. *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982).

*Big Idea Co. v. Parent Care Res., LLC*, No. 11-cv-1148, 2012 WL 4057216, 5–6 (S.D. Ohio Sept. 14, 2012) (King, J.) (citing *Hamrick v. Union Twp.*, 81 F. Supp. 2d 876, 878 (S.D. Ohio 2000) (Spiegel, J.)).

In this Circuit, "the United States Court of Appeals for the Sixth Circuit now looks 'to the codified Rules of Professional Conduct for guidance' in determining whether an attorney should be disqualified from representing a client based on a conflict of interest." *Id.* (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Alticor, Inc.*, 466 F.3d 456, 457 (6th Cir. 2006), *vacated in part on other grounds*, 472 F.3d 436 (6th Cir. 2007)).

Plaintiffs point to no rule of professional conduct violated by the Attorney General's representation of the Tenth District Judges and the Court does not find that any rule applies. Instead, Plaintiffs cite to the law regarding disqualification of a judicial officer and claim there is an appearance of impropriety in the Attorney General having a case before Judge Klatt while also being his attorney. (Doc. 27, Pl.'s Mot. Disqualify Reply at 4–5). But those standards do not exist in order to remove a litigant's chosen counsel. Rather, those standards exist for a judge when making a decision to recuse from a case. If Plaintiffs object to Judge Klatt's participation in the *Mastergard* case, that dispute is not for this Court to decide.

Further, even if there were some conflict of interest identified by Plaintiffs, the Ohio Rules of Professional conduct note that "[b]ecause of the special problems raised by imputation within a government agency, [Rules 1.7, 1.9, and 1.11(d) do] not impute the conflicts of a lawyer currently serving as an officer or employee of the government to other associated government officers or employees . . . ." Ohio R.P.C. 1.11 at Cmt 2. Accordingly, the Court finds no basis

for the disqualification of the Attorney General in the representation of the Tenth Circuit Judges. Plaintiffs' Motion to Disqualify the Attorney General is **DENIED**.

**B.      Motion for Leave**

Plaintiffs moved for leave to amend the Complaint to correct certain pleading deficiencies in the original Complaint. Plaintiffs argue that the Amended Complaint provides more detail, does not delay the case, and the Amended Complaint would cure the alleged deficiencies in the Complaint.  Defendants argue that the proposed amendments would be futile, noting that the arguments made in the motions to dismiss are equally applicable to the Plaintiffs' proposed Amended Complaint.   Specifically, Defendants assert that the *Rooker-Feldman* doctrine applies, that *Younger* abstention applies, that Defendants are entitled to judicial immunity, and that Plaintiffs' Amended Complaint fails to state a claim for which relief could be granted.

Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give[]" leave to amend "when justice so requires."  *See* Fed. R. Civ. Pro. 15(a); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  However, this is not to say that leave to amend should always be granted.  Some circumstances such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment may be grounds for denial.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Ultimately, though, whether to grant or deny leave to amend a pleading is within the discretion of the district court.  *Id*.

Determining whether a proposed amendment is futile requires a single straightforward question: can the claim, as amended, survive a motion to dismiss?  *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993) ("This Circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a

proposed amendment would not survive a motion to dismiss, the court need not permit the amendment."); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980) ("It is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss.").   If a motion to dismiss would be granted, the amendment is futile and the Court has grounds to deny leave.   To address the pending motion, then, the Court must consider each claim set forth in Plaintiff's proposed Amended Complaint and determine whether any of their claims, as amended, could survive a motion to dismiss, i.e., state a claim upon which relief could be granted.   The Court will address each of the arguments for futility made by the Defendants in turn.

      1.     ***Younger* Abstention**

The Supreme Court has recently provided three categories of cases which are appropriate for *Younger* abstention.  The Supreme Court noted that *Younger* may apply: 1) to criminal cases; 2) "to particular state civil proceedings that are akin to criminal prosecutions;" and 3) to those "that implicate a State's interest in enforcing the orders and judgments of its courts."   *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (internal citations omitted).  The Court noted that these examples were exceptional and cautioned "that federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not "refus[e] to decide a case in deference to the States."   *Id.* (quoting *New Orleans Public Serv., Inc. v. Council of City of New Orleans* ("*NOPSI*"), 491 U.S. 350, 368, (1989)).  Once a court determines that a case falls within one of the three categories for abstention, the court must examine three additional factors:

> (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity

in the state proceeding to raise constitutional challenges. *Middlesex Cnty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Tindall v. Wayne Cnty Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995). If these three criteria are met, "so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332–33 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 435)).

*Miller v. Franklin Cnty. Children Servs.*, No. 15-cv-179, 2016 WL 279260, at \*5 (S.D. Ohio Jan. 22, 2016) (Smith, J.).

Neither Plaintiffs nor Defendants addressed whether this case is akin to a criminal prosecution or if this case implicates a state's interest in enforcing the orders and judgments of the courts. The Court finds that enforcing a decision from the an appeals court and a court's ability to enforce a default judgment—especially judgments relating to frivolous conduct— implicate a state's interest in enforcing the orders and judgments of the courts. Therefore, the Court will address each factor from *Middlesex Cnty. Ethics Comm.* in turn.

### a. *Ongoing State Court Proceeding*

The Court notes that there is no dispute that the Franklin County Case is ongoing. Plaintiffs admit that a hearing and ruling on U.S. R&R's Motion to Reactivate the Case is still pending and that the damages hearing is not yet scheduled. (Doc. 17, Mot. Leave at Ex. 1, ¶ 31– 32). Rather, Plaintiffs argue that Defendants have waived application of *Younger* and that this matter is collateral to the substantive issues in *McKibben*. Plaintiff argues that the Defendants— state court judges—waived *Younger* abstention because the Ohio Attorney General chose not to enforce the Consent Decree against Sechriest. Plaintiff points to no case law or statutes which provide the legal reasoning for how the actions of the Attorney General could waive *Younger* abstention for his clients, state court judges. The Court finds that such a waiver does not exist. Plaintiff also provides no case law showing that a collateral attack on a state court proceeding is

excepted from the first *Younger* factor.  The Court finds that no such exception exists and finds that the first *Younger* factor is satisfied.

### b.  Implicates Important State Interests

"A state has an important interest in 'enforcing [its] laws against socially harmful conduct that the State believed in good faith to be punishable under its laws and the Constitution.'"  *Miller*, 2016 WL 279260 at *6 (quoting *Younger*, 401 U.S. at 52).  The Court finds that "Plaintiffs concede that Section 2323.51, R.C. implicate[s] important State interests in preventing frivolous conduct."  (Doc. 16, Pls.' Mem Contra to Mot. Dismiss at 7).  Accordingly, the Court finds that the second *Younger* factor is satisfied.

### c.  Opportunity to Raise Constitutional Concerns

"Abstention is appropriate unless the state law *clearly bars* the interposition of the constitutional claims" and it is Plaintiff's burden to show that she is barred from presenting her constitutional claims.  *Am. Family Prepaid Legal Corp.*, 498 F.3d at 334 (emphasis in original).  Plaintiffs argue they have not had an opportunity to raise their constitutional grievances and that they would not be given a fair and impartial hearing on due process issues.  Defendants argue that Plaintiffs have cited no Ohio law which bars their constitutional arguments.  Notably, in *McKibben*, Plaintiffs filed a Motion for Relief from Default Judgment on July 2, 2015.  *See* Docket in *McKibben*, Franklin C.P. 12 CV 1815.  Included in that motion was a section in which the Plaintiffs argued that their due process was violated.  Clearly, the Plaintiffs have the opportunity to present their constitutional arguments.

However, Plaintiff appears to allege that an exception to *Younger* applies, namely that he will not receive a fair hearing because Judge O'Donnell will merely follow the Tenth District's Opinion.  Defendants argue that Plaintiffs' allegation that Judge O'Donnell will rule a certain

9

way is insufficient to invoke an exception to *Younger* under *Gibson v. Berryhill*, 411 U.S. 564, 577–79 (1973). In *Gibson*, the Supreme Court upheld a district court's refusal to apply *Younger* where the adjudicating party was biased by pecuniary interest. *Id.* at 579. However, *Gibson* limited its holding solely to find that a court with a pecuniary interest in the outcome should not adjudicate a case. *Id.* at 578–79 ("The District Court apparently considered either source of possible bias—prejudgment of the facts or personal interest—sufficient to disqualify the members of the Board. Arguably, the District Court was right on both scores, but we need reach, and we affirm, only the latter ground of possible personal interest."). Plaintiffs have presented no evidence or allegation that Judge O'Donnell has any pecuniary interest in the outcome of the *McKibben* case such that she is too biased to rule on Plaintiffs' constitutional claims. Accordingly, the Court finds that no exceptions to *Younger* apply.

### 2. *Rooker-Feldman*

However, even if this case does not fall into one of the three categories set forth in *Sprint*, the Court finds that the *Rooker-Feldman* doctrine still bars this suit. The *Rooker-Feldman* doctrine arises from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In both cases, the plaintiffs challenged the validity of state court decisions by filing suit in federal district court. In both cases, the Supreme Court dismissed the suits for lack of subject-matter jurisdiction. *See Rooker*, 263 U.S. at 414-15; *Feldman*, 460 U.S. at 478-79. "The *Rooker-Feldman* doctrine is based on the negative inference that, if appellate court review of such state judgments is vested in the Supreme Court, then it follows that such review may not be had in the lower federal courts." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)).

Following *Exxon*, the Sixth Circuit has adopted a "source of the injury" approach to determining if a claim is barred by *Rooker-Feldman*. When a count alleges that a state court order was itself illegal and harmed the plaintiff, *Rooker-Feldman* will apply. *Lawrence*, 531 F.3d at 369 (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). Additionally, the *Rooker-Feldman* doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008) (quoting *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003)).

Plaintiffs argue that there is no state court judgment against them in *McKibben* and that the source of their injury is U.S. R&R's counterclaim, not the state court judgment. Plaintiffs also allege that *Rooker-Feldman* does not apply to general challenges to a statute's constitutionality. Defendants argue that Plaintiffs' Amended Complaint confirms that Plaintiffs are making an as-applied challenge to the constitutionality of the state statute because they were harmed by the Tenth District's decision in the Appeal.

Although Plaintiffs allege that the source of the injury is U.S. R&R's counterclaim, that is simply not the reality of the claim Plaintiffs make. "Specifically, Plaintiffs state that the March 31, 2015, Decision of the Tenth District Court of Appeals, comprised of [the Tenth District Judges] failed to afford Plaintiffs procedural due process under the Fourteenth Amendment to the United States Constitution." (Doc. 17, Mot. Leave at Ex. 1, ¶ 36). The Plaintiffs also allege that the Tenth District Judges subjected the Plaintiffs to the deprivation of a liberty and property interest. (*Id.* at ¶ 37). Plaintiffs have also repeatedly alleged that the Tenth District Decision "defaulted" them and yet, Plaintiffs also allege that there is no judgment

against them.  However, the two are inapposite.  If, as Plaintiffs allege, they have been defaulted, then there is a judgment against Plaintiffs in the *McKibben* case.  If they have not been defaulted, then there is no injury in this case.  Although Plaintiffs allege "the source of Plaintiff's [sic] constitutional injury is not a state-court judgment but, rather, U.S. R&R's counterclaim for frivolous conduct," the Court need not accept such a conclusory legal statement as true when assessing the Amended Complaint.  (*Id.* at ¶ 55).  Plaintiffs allege a constitutional injury in this case caused by the Tenth District Court of Appeals "defaulting" them.  Plaintiffs may claim the source of the injury is U.S. R&R's counterclaim, but there is not a single allegation in the Amended Complaint which alleges that U.S. R&R caused a constitutional injury to Plaintiffs.

Moreover, although Plaintiffs make a conclusory legal allegation that the "claims constitute a general challenge to the constitutionality of state law," there is no allegation in the Amended Complaint which alleges that the law itself is unconstitutional.  (Doc. 17, Mot. Leave at Ex. 1, ¶ 55).  Rather, Plaintiffs allege that the Tenth District *McKibben* decision denies the Plaintiffs procedural due process.  (*Id.* at ¶¶ 36, 59).  Ultimately, there is simply no allegation that the state statute is unconstitutional other than as-applied in this situation.  Therefore, pursuant to the *Rooker-Feldman* doctrine, the Court finds it does not have jurisdiction to consider Plaintiffs' allegations that the Tenth District Judges' Decision caused them a constitutional harm.  As the Court does not have jurisdiction to consider Plaintiffs' challenges to the state court ruling and proceedings, the Court must **DENY** Plaintiff's Motion for Leave to Amend.

### III.    CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Disqualify and Motion for Leave are **DENIED**.  This Court does not have jurisdiction under *Rooker-Feldman* to hear Plaintiffs'

claims.  Judge O'Donnell's Motion to Dismiss is **DENIED** as moot.  The Tenth District Judges' Motion to Dismiss is also **DENIED** as moot.  The Clerk shall **REMOVE** Documents 7, 8, 14, and 17 from the Court's pending motions list.  The Clerk shall enter final judgment in favor of Defendants and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

__/s/ George C. Smith_____
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**